**No. 22-55598**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Mr. Benjamin Woodhouse,

*Plaintiff-Appellant,*

v.

U.S. Government et al.,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
No. 2:22-cv-00079
Hon. Gary R. Klausner

_____

**HAVENSIGHT CAPITAL L.L.C.-APPELLANT'S
MOTION TO FILE SUBSTITUTE OPENING
BRIEF**

_____

Mr. Benjamin Woodhouse
Havensight Capital L.L.C.
2369 Kronprinsends Gade Ste. 8
Charlotte, VI. 00801
805 709 1995
Benjamin.woodhouse@gmail.com
California Bar #261361
*Attorney for Appellant*
Havensight Capital L.L.C.

## DISCLOSURE STATEMENT

There is no Parent Corporation that owns, either, ten percent, or, more of Havensight Capital L.L.C.'s stock.  *FRAP 26.1(a).*

Date: _7/1/22_                                  /s/Benjamin Woodhouse

                                               Mr. Benjamin Woodhouse,

                                               Attorney for Appellant, Havensight

                                               Capital L.L.C.

## <u>Havensight Capital L.L.C.'s *Motion to File a Substitute Brief*</u>

## I.     INTRODUCTION AND ARGUMENT

First, on June 22nd, 2022, Havensight Capital L.L.C., the Appellant filed a *Mediation Questionnaire*, *Opening Brief*, and *Excerpts of Record* into this Appellate matter.  The Appellate Court did not file the *Opening Brief* and *Excerpts*. The Court Clerk then proceeded inadvertently to improperly contact, Mr. Woodhouse, *Counsel of Record* for Havensight Capital L.L.C., via email days later, despite not having been contacted in any manner by Mr. Woodhouse at all, inadvertently stating that she was confused, as to which Party Mr. Woodhouse represents.  The *Second Notice of Appeal* filed in the District Court, lucidly, and unequivocally, states that the appeal is for Havensight Capital, and only Havensight Capital.  *Decl. Mr. B. Woodhouse*.

Moreover, Havensight Capital's *Brief* also contains a *Statement of Related Cases*, which also presciently delineates that the *Brief* is for Havensight Capital only.  *Decl. Mr. B. Woodhouse*.  Thus, Havensight requests that the Court grant Havensight the ability to re-file its *Opening Brief* electronically, without having to have any improper contact with the Court, again via the C.M./E.C.F. system, and without having to email the Clerk, which has not happened.  Havensight will amend the cover sheet to use this following designation, *Havensight Capital-*

1

*Appellant's Opening Brief.* While Havensight makes no allegation of any kind, and makes this request in response to only inadvertent Clerical errors, Havensight also requests that the Appellate Court self report into the record, any improper contacts with, either, the Court, or, its Clerks, between any of the following: the Triple Conflicted Parties, Alphabet Inc., and the U.S. Government, in relation to any matter, which involves, either, Havensight Capital, or, Mr. Benjamin Woodhouse. Listed should be the date, time, and nature of any improper contact. Mr. Woodhouse is bound to make such a legal disclosure request, as a result of his fiduciary duty to his Client, based on the inadvertent clerical error, and the fact that the Triple Conflicted Parties, and Alphabet Inc. have routinely plead into the record illegal contacts with Clerks, and dissemination of Havensight's financial settlement offers, across District Court matters. *Decl. Mr. B. Woodhouse. 18 U.S.C. Section 1030. Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

Second, as the 9th Circuit bizarrely, and inadvertently improperly dismissed the appeal of, Mr. Woodhouse, and only of Mr. Woodhouse, in related 9th Circuit case *22-55463*, the Appellate Court can infer that this appeal only concerns Havensight Capital. In that case, the Court inadvertently, without an *Assignment Order* properly filed, and without any affirmative pleadings, other than a *Mediation Questionnaire*, filed from, either, Mr. Woodhouse, or, the Triple

2

Conflicted Parties, and Alphabet Inc., dismissed Mr. Woodhouse's appeal. Such conduct, here, was inadvertently improper, and highly prejudicial, and could grounds for immediate, either, self-default, or, immediate remand of that referenced 9th Circuit case. *Combs v. Rockwell Int'l Corp*., 927 F.2d 486, 488 (9th Cir. 1991).

Moreover, the Appellate Court should take judicial notice that Judge Hurwitz, is a named Defendant, in *22-55045*, a matter involving Havensight and Woodhouse, thus this *Order* from the 9th Circuit was made by a conflicted Panel. *U.S. v. Sears, Roebuck & Company, Inc*., 785 F.2d 777 (9th Cir. 1986). Judge Hurwitz and the panel that inadvertently and improperly ruled, in *22-55463*, should recuse itself, and this matter, should be assigned to a different panel, one that does not contain any of the Defendants, in *22-55045*. Judge Hurwitz should move on his own, to re-open that matter, as a result of the conflict.

Further, no *Res Judicata* is created for Havensight, as a result of the dismissal of Woodhouse's appeal, according to 9th Circuit case law, thus a new panel must hear Havensight's appeal and not interfere with any future filings of *Briefs. 28 U.S.C. Section 1291*. *Cousins v. Wigoda*, 419 U.S. 477 (1975). *Pesnell v. Arsenault*, 490 F.3d 1158 (2007*)*. *Havensight Capital LLC v. Nike, Inc.* , 891 F.3d 1167, 1171 (9th Cir. 2018). Furthermore, the 9th Circuit understood that Mr. Woodhouse intended only himself to be considered for the appeal, in *22-55463*,

3

because it added "*Pro Se"* improperly onto its *Order*, Mr. Woodhouse is a Member of the California Bar, but the Pro Se designation, indicates that the Appellate Court believed the appeal to only pertain to Mr. Woodhouse. *Decl. Mr. B. Woodhouse*. *Kwai Fun Wong v. United States*, 373 F.3d 952 (9th Cir. 2004). It was also the intention of Mr. Woodhouse only to include Woodhouse, as the Appellant, in *22-55463,* upon filing the first *Notice of Appeal*, and Mr. Woodhouse makes such a *Declaration* with this filing.

Additionally, the Appellate Court should take judicial notice that any confusion around the Appellants, in *22-55463*, could have been caused by the District Court's inadvertent and somewhat irrational restriction of any electronic filings, in the District Court by Mr. Woodhouse. This caused all filings across matters to be discombobulated. Further, Mr. Woodhouse was not afforded the opportunity at all of titling, his *First Notice of Appeal*, in *22-55463,* as Civil Intake Clerks scanned, and did their own titling of all legal filings, which is prejudicial in itself. Thus, the declaration above from a California Bar Member, should be afforded strong weight, and the 9th Circuit should move on its own to restore all electronic filings abilities of Mr. Woodhouse at the Central District Court, while it is deciding this appeal.

Such restrictions and pre-filing conditions have been ruled by the 9th Circuit to be, both, unconstitutional and illegal. *Ringgold-Lckhart v. Cnty. of L.A.,* 761

F.3d 1057, 1067 (9th Cir. 2014). *In Re Gustafson*, 619 F.2d 1354, 1355 (9th Cir. 1980). Havensight also request judicial notice of that fact that, both, Judge Snyder, and Judge Klausner, respectively, upheld felonies, and conflicts, plead into the record, in addition to late filings, across District Court matters from, both, the Triple Conflicted Parties, and Alphabet Inc. *Court Records of 2:22-cv-00079, and 2:22-cv-000285. Appellant's Excerpts of Record in 22-55045. Decl. Mr. B. Woodhouse. Federal Rules of Evidence 201*. The Appellate Court can also take judicial notice of the *Appellant's Excepts*, which contain the plead felonies, and conflicts, in this matter, from both Triple Conflicted Counsel, and Alphabet Inc., if they are filed by the 9th Circuit Clerk, while this *Motion* is still being considered.

Thus, both of these non-iridescent District Judges, might be suffering from dire incapacity. For both Judges, to also unconstitutionally continually restrict electronic filings, and create judicial filing anomalies, in addition to, both of them inadvertently, and illegally, pre-maturely removing the Triple Conflicted Parties, while upholding their respective plead felonies and conflicts, it is more likely to be a result of total loss of capacity, and not extreme prejudice. *Rinngold-Lckhrt v.* Judge Snyder recently ruled, on Woodhouse's *Ex Parte Application* in the District Court by failing to take judicial notice of stated criminal conduct, committed by the Triple Conflicted Parties, and failing to have any defensive documents filed,

instead checking a box on a Form document, suggesting perhaps complete loss of any sensory function. *Decl. Mr. B. Woodhouse.*

Third, the Appellate Court can take judicial notice, as this *Motion* pertains to inadvertent clerical error, and the conflicted Panel, in related matters, of the filing of Alphabet Inc., and Triple Conflicted Counsel's *Briefs,* despite, both, failing to contain *Addendums*, improperly describing cases in parenthesis, and arguing cases that stand for Havensight's positions. *Federal Rules of Evidence 201. FRAP 28-2.* The Appellate Court can also take judicial notice that the U.S. Government has failed to defend in related matter *22-55045*, in which the alleged obstruction claim in this matter, arises from, and thus as that matter has to be remanded for the failure to defend, should the Triple Conflicted Companies, and Alphabet Inc., not awarded to Havensight, it is in the interest of justice for this appeal to proceed in a proper procedural manner.

Fourth, Havensight requests that the Appellate Court consider, based on the judicial notice of plead: felonies, triple conflicts, procedural violations, attorney work products from other cases unsealed, non admissions, and late filings, contained in the pending *Excerpts* to be filed in this matter, which have been submitted, and the *Havensight Excerpts*, in *22-55045*, that the 9th Circuit award the Triple Conflicted Companies, and Alphabet Inc., on this *Motion* to Havensight. *18 U.S.C. Section 1030. Televideo Systems Inc. v. Hidenthal*, 826 F.2d 915 (9th Cir.

1987). *In Re American Airlines v*., 972 F.2d 605 (5th Cir. 1992). This is in the interest of justice, as the crimes and conflicts, are: plead, are present across matters, and can be easily ascertained by any Member of the 9th Circuit empowered to make a binding *Order*, on the Parties. Otherwise, record punitive damages should be applied. *Dang v. Cross*, 422 F. 3d 800 (9th Cir. 2005).

Fifth, while it is highly unusual for an elevated Court, to consider *Declaration* of criminal conduct, in civil matters, Mr. Woodhouse has witnessed members of Gibson Dunn, who are not of record Counsel for the Triple Conflicted Parties, order the murders of innocent victims, continuously for a twelve month period. *Gilbertson v. Albright,* 381 F.3d 965 (9th Cir. 2004). *Winter v. California Medical Review, Inc.*, 900 F.2d 1322 (9th Cir. 1989). Specifically, ordering an assailant to use a ball machine military type weapon, which vibrates vituperatively, even with silencer attachments. Such perverse and heinous acts, include the ordering of the murder of up to three victims in a single evening, and in a concise duration. Moreover, Gibson Dunn have allegedly funded terrorism, during these appeals, which is responsible for an estimate of close to well over two hundred murders, if not substantially more, at a small boutique hotel, in Pismo Beach, CA., which is located directly opposite the residence of Woodhouse's family members. *Decl. Mr. B. Woodhouse*.

The seriousness of this terrorist conduct goes beyond, this civil matter, and is likely to be dealt with Quasi U.S. Government Response Agencies, other than the U.S. Attorneys of Record. That said, the 9th Circuit has a moral and ethical responsibility as members of the California Bar, to bring immediate cessation to this violence, which can appropriately be classified as genocide. Mr. Woodhouse has recommended closure of the hotel to the U.S. Attorneys of Record, and perhaps anti terrorist counter measures from Quasi Government Third Parties to address this matter, which has superseded witness intimidation, and now morphed into the worst terrorist attack in U.S. history, since the September 11th, World Trade Center bombing. Mr. Woodhouse apologizes profusely, in this public filing, to the families of these victims, whose names are not known to Mr. Woodhouse, for failing to not get the hotel closed more expeditiously, and for failing to more effectively communicate the gravitas of the situation to a District Court, which might lack any capacity of any kind, across Courts. *Declaration Mr. B. Woodhouse.*

Lastly, I have conferred with all Appellee's in this matter, on this *Motion.* Attached, as *Exhibit A*, and *Exhibit B,* are *Orders,* which we are seeking affirmative relief from, in the form of granted default of the Triple Conflicted Parties, Alphabet Inc., and the U.S. Government. Also, enclosed are the *Certificates of Compliance* and *Service* for this *Motion.*

## II.    CONCLUSION

In conclusion, the 9th Circuit should allow Havensight to file a substitute *Opening Brief*, without having any contact with the Court Clerk, which Havensight has not, and, via the E.C.F. system, with an amended cover, as a result of inadvertent Court Clerk error.  Also, the 9th Circuit should restore the electronic filing abilities of Mr. Benjamin Woodhouse, effective immediately, in the District Court, as it is unconstitutional for the District Court to capriciously restrict them. Finally, the 9th Circuit is empowered, and should in the interest of justice award default, and record punitive damages, against the Triple Conflicted Parties, Alphabet Inc., and the U.S. Government for judicial notice of plead: felonies, conflicts, late filings, non admissions, and appellate violations, across matters, and in order to enjoin them from such conduct, in the future.


Date: <u>July 1st, 2022</u>                      /s/Benjamin Woodhouse

                                 Mr. Benjamin Woodhouse

                                 Attorneys for Appellant, Havensight

                                 Capital L.L.C.

## CERTIFICATE OF COMPLIANCE

I certify as the Appellant Attorney for Havensight Capital L.L.C.*,* that the *Motions* in this matter of *22-55598* contains 2,016 words**,** excluding the items exempted by *F.R.A.P. 27(d).* The Motion's type size and typeface comply with *F.R.A.P. 32(a)(5)* and *(6).*

Date: <u>July 1st, 2022</u>                               /s/Benjamin Woodhouse

10

## CERTIFICATE OF SERVICE

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Form 15. Certificate of Service for Electronic Filing**

**9th Cir. Case Number(s)**   <u>22-55598</u>

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ X ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**
[  ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

*Appellant's Motions*

**Signature** <u>/s/Benjamin Woodhouse</u>          **Date:** <u>07/1/22</u>

11

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NO JS6**

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Omnibus Order Re: Plaintiffs' and Alphabet's Filings [DEs 53, 55, 60, 61, 82]**

## I.     INTRODUCTION AND BACKGROUND

On January 7, 2022, Benjamin Woodhouse ("Woodhouse") and Havensight Capital, LLC[1] ("Havensight") filed a First Amended Complaint ("FAC") against several judges of the Central District of California (the "Judicial Defendants")[2] and United States Government officials[3] (the "Government Defendants"). (ECF No. 10.) The FAC also names as defendants Gibson Dunn Inc. ("Gibson Dunn")[4], Meta Platforms, Inc. ("Meta Platforms"), Nike, Inc. ("Nike"), and Alphabet, Inc ("Alphabet"). (*Id.*)

Plaintiffs have brought numerous lawsuits in this District since 2014 and have been the subject of three vexatious litigant orders. *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 3544111 (C.D. Cal.

---

[1] Havensight is purportedly represented by Woodhouse. In a nearly-identical prior lawsuit, Judge Stanley Blumenfeld found Havensight to be Woodhouse's alter-ego because Woodhouse treats the company "as indistinguishable from himself," and in filings he "confirm[ed] their unity of interest by asking the Court to reopen 'all cases involving the Plaintiff, its Havensight Capital L.L.C. Firm, and these conflicted Defendants.'" *See Woodhouse v. U.S. Gov't*, 2021 WL 6333468, at *5 (C.D. Cal. Nov. 24, 2021.) Having examined the dockets in this matter and related matters, the Court agrees with Judge Blumenfeld's finding.

[2] The Judicial Defendants are: (1) the Hon. Stanley Blumenfeld, Jr.; (2) the Hon. Fernando Olguin; (3) the Hon. Manuel Real; (4) the Hon. Otis Wright; and (5) the Hon. Philip Gutierrez.

[3] The Government Defendants are employees of the Department of Justice, including: (1) Daniel Beck; (2) Tracy Wilkison; (3) David Harris; and (4) Joanne Osinoff.

[4] Plaintiffs seemingly intended to sue Gibson, Dunn & Crutcher LLP, as that law firm has represented Nike, Inc. and Meta Platforms, Inc. in prior actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | | Date | June 10, 2022 |
|---|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | | |

Apr. 22, 2015); *Havensight Cap. LLC. v. Facebook, Inc.*, 2018 WL 6340757 (C.D. Cal. Sept. 24, 2018); *Woodhouse v. U.S. Gov't*, 2021 WL 6333468 (*Woodhouse I*). The most recent order was entered in *Woodhouse I* by Judge Blumenfeld on November 24, 2021. Undeterred, Plaintiffs filed two separate actions in this District in early January 2022, alleging essentially identical claims. Plaintiffs' first action was filed in this Court. (ECF No. 10.) Their second action is before Judge Snyder and includes this Court—the Honorable R. Gary Klausner—as defendant.[5] *See Woodhouse v. U.S. Gov't*, Case No. 2:22-cv-00285-CAS, ECF No. 1 (*Woodhouse II*). Both actions seek dissolution of the corporate defendants and an award of $3 trillion against each.

Judge Blumenfeld's vexatious litigant order forbade Plaintiffs from filing certain claims against three parties: Meta Platforms, Nike, and Gibson Dunn. Not to be dissuaded by a court order, Plaintiffs alleged the restricted claims against those parties in the current action. This Court dismissed all three defendants due to Plaintiffs' violation of the vexatious litigant order, leaving Alphabet as the sole remaining corporate defendant.[6] (*See* Order Re: Def.'s Mot. for Relief, ECF No. 64.) In the dismissal Order, the Court also required Plaintiffs to show cause in writing why: (1) the Government Defendants should not be dismissed due to qualified immunity; (2) the Judicial Defendants should not be dismissed due to judicial immunity; and (3) the Court should not impose monetary sanctions on Plaintiffs and refer Woodhouse, a licensed attorney, to the State Bar of California. (*Id.* at 3–4.)

Presently before the Court are: (1) Plaintiffs' Motion for Default (ECF No. 60); (2) Plaintiffs' Motion for Rule 11 Sanctions (ECF No. 61); (3) Plaintiffs' *Ex Parte* Application for Reinstatement of Conflicted Criminal Actors, which includes Plaintiffs' response to the Order to Show Cause (ECF No. 82); (4) Alphabet's Motion to Dismiss (ECF No. 53); and (5) Alphabet's Motion for Order Declaring Plaintiffs Vexatious Litigants (ECF No. 55). The Court addresses each below.

---

[5] The Court struck Plaintiffs' second, third, fourth, fifth, and sixth amended complaint in this action, because Plaintiffs neither obtained the Court's permission to amend nor had they stipulated to amend the FAC with the defendants. *See generally* Fed. R. Civ. P. 15. This appears to be the motivating factor behind Plaintiffs' filing of *Woodhouse II*.

[6] Plaintiffs continue to request relief against Meta Platforms, Nike, and Gibson Dunn, despite the Court dismissing those parties from this action. The Court admonished Plaintiffs that they were to "cease filing anything directed to [those defendants], and [they] need not respond to any more filings by Plaintiffs." (Order Re: Case Management at 2, ECF No. 69.) Accordingly, the Court will not consider any arguments Plaintiffs make in the instant filings as to the dismissed defendants.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | | Date | June 10, 2022 |
|----------|-------------------|--|------|---------------|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | | |

## II.  DISCUSSION

### A.  Plaintiff's Motions and *Ex Parte* Application

Plaintiffs have two motions and an *ex parte* application pending before the Court. The filings are overall garbled and nonsensical, and Plaintiffs frequently request the same relief across some or all of the documents. It appears that Plaintiffs ask the Court to: (1) enter default judgment against Alphabet, Inc.; (2) order sanctions against Alphabet; and (3) transfer the action due to bias and reinstate Plaintiffs' electronic filing privileges. The Court briefly addresses each.

The Court first **DENIES** Plaintiffs' request to "default Alphabet" because Alphabet is actively litigating this matter, as evidenced by, *inter alia*, Alphabet's two pending motions. Plaintiffs argue default judgment is nonetheless warranted because Alphabet has filed documents late, has misrepresented case law, and has "feloniously [entered] privileged attorney emails" and "settlement offers." (Pls.' Mot. Default at 1–2, ECF No. 60.) None of Plaintiffs' accusations have merit[7], and even if they did, they would not be grounds for entry of default.[8]

The Court next **DENIES** Plaintiffs' request to sanction Alphabet. Plaintiffs seek sanctions under Rule 11, but ignore that Rule 11 requires the moving party, prior to filing, to serve the sanctions motion on the opposing party and allow the non-movant a 21-day "safe harbor" to remedy its sanctionable behavior. The safe harbor period is mandatory. *See Barber v. Miller*, 146 F.3d 707, 710–11 (9th Cir.

---

[7] Alphabet has attached emails to its Vexatious Litigant Motion that were sent from Woodhouse to Alphabet's counsel. These emails purport to contain offers to settle this action, and Woodhouse protests that the attachment of these emails is a felony. He argues that these emails are subject to Federal Rule of Evidence 408, which bars introduction of settlement offers "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408. Alphabet, however, is not submitting Woodhouse's emails for that purpose. It submits the emails as evidence that he is attempting to extort Alphabet for hundreds of millions of dollars and thus is not litigating in good faith. Woodhouse has repeatedly made identical arguments to other judges, and he has repeatedly been told that it is permissible to submit "settlement offers" when those offers are actually Woodhouse's "unsolicited demands for compensation to cease and desist his extortionate conduct." *Havensight Cap., LLC v. Facebook, Inc.*, 2018 WL 6356080, at *2 (C.D. Cal. Oct. 2, 2018).

[8] Woodhouse should be well aware of the Federal Rules regarding defaults and default judgment, as he has been admonished by several other courts for frivolously requesting default against actively-litigating defendants. *See, e.g., Havensight Cap., LLC v. Facebook, Inc.*, 2018 WL 6340757, at *17 ("[T]he court finds that Havensight's 'motion' for default . . . is frivolous . . . . [T]he dockets of [ten previous Central District lawsuits filed by Plaintiffs] are riddled with requests for default against defendants who had already answered or moved to dismiss . . . . Both in volume and in content, these dozens of requests for default are frivolous.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

1998). Plaintiffs admittedly did not comply with the safe harbor provision, and therefore their sanctions motion must be denied.[9]

Finally, the Court **DENIES** Plaintiffs' *ex parte* application for the Court to recuse itself and transfer the case. Plaintiffs' application was seemingly triggered by the Court's Order dismissing Nike, Meta Platforms, and Gibson Dunn. Plaintiffs seek transfer to a "new unbiased Judge" that will "likely" rule in their favor, reinstate the dismissed parties, dissolve the corporate entities, and impose trillions of dollars in damages against all defendants. (Pls.' *Ex Parte* Appl. at 1, ECF No. 82.) But a recusal motion, brought under either 28 U.S.C. § 144 or 18 U.S.C. § 455(a), requires proof of extrajudicial bias— "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Plaintiffs provide no proof of extrajudicial bias. Rather, they assert that this Court's rulings are so manifestly erroneous that they demonstrate a loss of the Court's "volition," such that Plaintiffs will seek to apply "enemy combatant status" to the Court and ask "Independent National Security advisors . . . to decide whether a reconditioning program is necessary." (Pls.' *Ex Parte* Appl. at 8–9.) A belief that this Court has ruled incorrectly, even one presented creatively, is not grounds for recusal.[10]

Plaintiffs' application also asks the Court to reinstate the electronic filing privileges removed by Judge Blumenfeld pursuant to his vexatious litigant order. Plaintiffs' remedy is to appeal Judge Blumenfeld's order, not demand that other district courts modify it.[11] The Court thus **DENIES** Plaintiffs' request to reinstate electronic filing privileges.

---

[9] Additionally, the sanctions motion is based on nearly identical grounds to the default motion. For the reasons laid out above, the sanctions motion is similarly meritless.

[10] The Court rules on this request because, on a recusal motion, the "challenged judge . . . should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *see also* C.D. Cal. Gen. Order 21-01 ([A disqualification motion] must first be reviewed by the district judge to whom that case is assigned, even if that judge is the subject of the motion to disqualify."). If the motion is legally insufficient, recusal can be denied. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Plaintiffs' request is legally insufficient, as it alleges no extrajudicial bias.

[11] Plaintiffs are undoubtedly aware of their right to appeal, given their appeal of Judge Blumenfeld's order is presently before the Ninth Circuit. They filed their appeal of that order two days before filing this action, and ten days before filing *Woodhouse II. See Woodhouse I*, Dkt. No. 73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

#### B. <u>Plaintiffs' Responses to Order to Show Cause</u>

In its Order dismissing Meta Platforms, Nike, and Gibson Dunn, the Court issued Plaintiffs an Order to Show Cause as to why the Governmental and Judicial Defendants should not be dismissed, why sanctions should not issue, and why the Court should not refer Woodhouse to the State Bar of California. (*See* Order Re: Defs.' Mot. for Relief at 3–4.)

#### 1. <u>Dismissal of Government and Judicial Defendants</u>

In the Order to Show Cause, the Court noted that the Government and Judicial Defendants appeared to be entitled to qualified and judicial immunity, respectively. As explained in the Order, "[j]udges are absolutely immune from suits for money damages for acts performed in their official capacities." *Haywood v. Hawkins*, 2002 WL 35656295, at *2 (C.D. Cal. Feb. 21, 2002). The immunity applies "however erroneous the act may have been." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). And judicial immunity is not stripped due to allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). As for the Governmental Defendants, qualified immunity protects government officials when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Plaintiffs made no argument as to the Government Defendants, and those Defendants are therefore **DISMISSED** pursuant to qualified immunity. Plaintiffs' only argument regarding judicial immunity cites to 28 U.S.C. § 351, which allows a litigant to file complaints about a judge "with the clerk of the court of appeals." 28 U.S.C. § 351(a). That statute is: (1) inapplicable here in the district court; and (2) not grounds for stripping judicial immunity. Accordingly, the Judicial Defendants are **DISMISSED** pursuant to judicial immunity.

#### 2. <u>Sanctions and Referral to the State Bar</u>

The Court's Order to Show Cause also required Plaintiffs to explain why the Court should not impose monetary sanctions punishing Plaintiffs' conduct towards certain defendants and why the Court should not refer Woodhouse (a lawyer and active member of the State Bar of California) to the State Bar and the Central District's Standing Committee on Discipline.

Plaintiffs did not respond to the sanctions portion of the Order to Show Cause. Title 28 U.S.C. § 1927 allows for monetary sanctions against "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." *Id.* The Court finds that monetary sanctions in the form of the attorneys' fees expended by Meta Platforms, Nike, and Gibson Dunn in this action are warranted for two reasons. First, this lawsuit is a frivolous, vexatious, repetitious action against those defendants, filed

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|----------|-------------------|------|---------------|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

barely a month after Plaintiffs were ordered to stop filing such claims. Second, Plaintiffs have continued to litter the docket of this action with multiple filings against the now-dismissed defendants, despite the Court's express admonishment to cease doing so. (*See* Order Re: Case Management at 1–2, ECF No. 69.)

Plaintiffs' only response to the disciplinary portion of the OSC was to demand that the Court refer itself to the State Bar for review of its conduct in these proceedings, repeating accusations that the Court's rulings are "grounds for a capacity test." (Pls.' *Ex Parte* Appl. at 14.) Plaintiffs provided no reason for this Court to ignore "conduct [that] warrants attention," particularly where "[e]ven a cursory review of [Woodhouse's] filings raises a serious question of [his] current fitness to practice law." *Woodhouse I*, 2021 WL 6333468, at *8 (summarizing Woodhouse's "erratic, bizarre, and nonsensical accusations—including allegations that U.S. military personnel instructed strangers to sexually harass him and that the U.S. government repeatedly attempted to assassinate him by, among other things, attempting to fly a fighter jet into him while he was studying on an Australian beach"). Woodhouse's accusations have grown even more fantastical in this litigation. For example, he:

- Accuses a Gibson Dunn employee of spraying him in the eyes with poison in retaliation for his misuse of the Bluebook's *see* signal. To remediate any confusion, he reminds the Court that the *see* signal is a "legal rule" and "has nothing to do with the Vatican." (Pls.' *Ex Parte* Appl. at 9–10.)

- Accuses Gibson Dunn, various judges, and U.S. Attorneys of taking over a hotel across the street from his residence, "shouting slurs in the middle of the night . . . illegally surveilling the residence . . . and Gibson Dunn Personnel [sic] . . . order[ed] an assailant to use a Hershel assault weapon, which fires multiple rounds rapidly, and is illegal in California, to murder various actors that attempt to explore the hotel." He states that the hotel is now the "murder capital of the World" and these activities should be "classified as genocide." (*Id.* at 11–12.)

- Accuses much of the federal judiciary, up to and including Chief Justice Roberts, of colluding with Gibson Dunn in the above activities. He requests that any guilty judge submit to a "National Security reconditioning program, focused on restoring volition back to the U.S. judicial system." (*Id.* at 13.)

Judge Blumenfeld felt it proper to refer Woodhouse to the State Bar to "protect the public." *Woodhouse I*, 2021 WL 6333468, at *8. In the half-year since Judge Blumenfeld's order, Woodhouse's disconcerting activity has only worsened. This Court thus joins Judge Blumenfeld in referring its matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

to the State Bar. In addition, and for the same reasons, the Court refers Woodhouse to the Central District's Standing Committee on Discipline.

    **C.**    **Alphabet, Inc.'s Motion to Dismiss**

    Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

    Plaintiffs' FAC alleges the following claims against all defendants: (1) "obstruction and due process violations"; (2) "fraud and collusion"; and (3) intentional interference with prospective business and economic relations. (*See generally* FAC.) Alphabet argues that the claims against it should be dismissed due to, *inter alia*, failure to state a claim. The Court agrees, for the following reasons:

- Plaintiffs' first claim fails on two accounts. First, there is no private right of action for obstruction of justice. *See Fisher v. Hug*, 2001 WL 210478, at *1 (N.D. Cal. Feb. 23, 2001). Second, to the extent Plaintiffs' claim for due process violations is an attempt to allege a claim under 42 U.S.C. § 1983 ("Section 1983"), that claim also fails. To successfully allege a Section 1983 violation, the plaintiff must allege that the defendant was a government actor or acting under color of state law. *See id.* at *2. Plaintiffs make no such allegations against Alphabet.

- Plaintiffs' second claim fails for three reasons. First, to the extent Plaintiffs attempt to allege a fraud claim, they must allege with particularity that the defendant made a "knowingly false representation with an intent to deceive," followed by "justifiable reliance by the plaintiff and resulting damages." *UMG Recordings, Inc. v. Global Eagle*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

*Entm't, Inc.*, 117 F. Supp. 3d 1092, 1109 (C.D. Cal. 2015) (cleaned up). The bulk of Plaintiffs' FAC is aimed at Meta Platforms, Nike, and Gibson Dunn, and Plaintiffs' only specific allegation against Alphabet is that it failed to appear in *Woodhouse I*, which clearly does not satisfy any of the requisite elements.[12] Second, there is no cause of action in California for "collusion." *See Lewis v. Wells Fargo Bank, N.A.*, 2012 WL 12897041, at *2 (C.D. Cal. Sept 12, 2012). Finally, Plaintiffs insert a "civil rico" allegation into this claim, supported by the same (false) allegation that Alphabet failed to appear in *Woodhouse I*. This does not satisfy the elements of a civil racketeering claim.[13]

- Finally, a claim for intentional interference with prospective business and economic relations requires a showing of "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Pro Water Sol., Inc. v. Angie's List, Inc.*, 457 F. Supp. 3d 845, 852 (C.D. Cal. 2020). Once again, Plaintiff's sole allegation against Alphabet, that it failed to appear in *Woodhouse I*, does not satisfy any of these elements.

Accordingly, Plaintiffs fail to state their claims. Due to the threadbare nature of the allegations against Alphabet and the frivolous (and, on occasion, verifiably false) allegations in the rest of the FAC, the Court **DISMISSES** Alphabet and **DENIES** Plaintiffs any requested leave to amend. *See Carrico v. City & Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011) (noting leave to amend need not be granted when "amendment would be futile").

### D. Alphabet, Inc.'s Motion for Vexatious Litigant Order

Finally, Alphabet asks the Court to join Judges Real, Olguin, and Blumenfeld in declaring Plaintiffs vexatious litigants and to enter an appropriate pre-filing order against them. Alphabet argues that such an order is necessary because, while the existing orders protect other parties, no such order protects Alphabet.

---

[12] The allegation is also verifiably false. The *Woodhouse I* docket shows that Alphabet did indeed appear in that action. *See, e.g., Woodhouse I*, Dkt. No. 44.

[13] The elements are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (cleaned up).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | | Date | June 10, 2022 |
|---|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | | |

Local Rule 83-8.1 declares that it is the policy of the Court to "discourage vexatious litigation." C.D. Cal. Civ. R. 83-8.1. To effectuate this stated policy, the Local Rules authorize courts in the Central District of California to "order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious litigant." C.D. Cal. Civ. R. 83-8.2. In addition to the Local Rules, the All Writs Act vests the Court with inherent power to enter pre-filing orders against vexatious litigants. 28 U.S.C. § 1651.

A court may impose a pre-filing order when it: (1) provides the vexatious litigant notice and an opportunity to be heard, (2) compiles an adequate record of the cases and motions justifying the pre-filing order, (3) makes substantive findings as to the frivolous or harassing nature of the litigant's conduct, and (4) narrowly tailor the pre-filing order to the specific harassing conduct at issue. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The first two requirements are procedural while the latter two are substantive considerations that help the court to determine whether a party is a vexatious litigant and fashion an appropriate remedy to prevent the party's abusive litigation practices without unduly restricting the party's right to access the courts. *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014).

As to the first requirement, Plaintiffs have had an opportunity to be heard on the issue. Alphabet filed a noticed motion, which Plaintiffs opposed. A written submission satisfies the "opportunity to be heard" requirement. *See Windsor v. Boushie*, 677 Fed. App'x 311, 312 (9th Cir. 2017).

As to the second and third requirements, the Court has reviewed Plaintiffs' litigation history, as laid out fully in the three prior vexatious litigant orders. *See Woodhouse I*, 2021 WL 6333468, at *1–5; *Havensight Cap., LLC v. Facebook, Inc.*, 2018 WL 6340757, at *2–9; *Havensight Cap., LLC v. Nike, Inc.*, 2015 WL 3544111, at * 2–5 (C.D. Cal. Apr. 22, 2015). The Court has also reviewed Plaintiffs' numerous frivolous filings in this action, wherein they attempted to file no less than five amended complaints without following the strictures of Rule 15, have ignored orders regarding proper service and dismissal of certain defendants, and have repeatedly requested relief that is meritless on its face— including dissolution of corporate defendants and trillions of dollars in damages. Finally, the Court takes into consideration that Plaintiffs filed yet another lawsuit in this District a week after initiating this litigation. The two lawsuits are identical in all respects but one: the later-filed action adds this Court as a defendant due to its failure to allow Plaintiffs to amend their FAC five times.

Alphabet appears to have become a new primary target for Plaintiffs' "misguided crusade." *Woodhouse I*, 2021 WL 6333468, at *1. Despite filing three lawsuits against Alphabet in the span of six months, Plaintiffs do not seemingly have a good faith expectation of prevailing on the merits. Rather, extrinsic evidence shows they are using these litigations to try to coerce Alphabet into a settlement for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

hundreds of millions of dollars. (*See, e.g.*, Candido Decl. Ex. B, ECF No. 56-1 (email from Woodhouse threatening that "if we do not imminently find a resolution that Alphabet, Inc., could be held responsible in the tens of billions for Triple Conflicted Counsel's multiple plead felonies, triple conflict, procedural violations, and multiple violations").) And Plaintiffs' threats have only grown worse throughout the pendency of this action. Indeed, after Alphabet filed the instant Vexatious Litigant Motion, Woodhouse sent Alphabet's counsel five emails in one hour, all threatening criminal prosecution (while offering to withdraw the threats if Alphabet paid hundreds of millions of dollars). (*See, e.g.*, Candido Decl. Exs. 4– 8, ECF Nos. 76-5–9.)

In all, the Court finds that Plaintiffs continuously impose needless expenses and unnecessary burdens on courts and defendants, including Alphabet, in this District. Plaintiffs repeatedly attempt to circumvent vexatious litigant orders by filing as different parties (*i.e.*, as Woodhouse, as Havensight, or as both) or by adding new defendants. Accordingly, the Court finds it proper to enter an order similar to those entered by Judges Blumenfeld and Olguin, but which adds Alphabet to the list of protected parties. As more fully laid out below, both Plaintiffs are hereby declared to be vexatious litigants, and the Court enters a pre-filing order against them. Further, Plaintiffs must post $5,000 with the Clerk of Court as security for any costs, sanctions, or other monetary penalties awarded against them as vexatious litigants. *See* C.D. Cal. L.R. 83-8.2 (authorizing security as a protective measure against a vexatious litigant). Two of the three previous courts that entered vexatious litigant orders against Plaintiffs found such security appropriate, given "plaintiff's record of post-dismissal motions and other filings in prior cases it litigated in this district." *Havensight Cap., LLC v. Facebook, Inc.*, 2018 WL 6340757, at *19. Just like in previous cases, Plaintiffs in this action have ignored express Court orders and papered the docket with frivolous filings. The Court thus finds that a $5,000 deposit is required to protect Alphabet from Plaintiffs' potential further abuse of the court system.[14]

## III.  **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motions and *Ex Parte* Application, **GRANTS** Alphabet's Motion to Dismiss, and **GRANTS** Alphabet's Motion for Vexatious Litigant Order. The Court **ORDERS** as follows:

- The Court declares Benjamin Woodhouse, Havensight Capital, LLC, and any other entity owned or controlled by Benjamin Woodhouse, to be vexatious litigants. The Clerk of

---

[14] This deposit stands separate and apart from the sanctions imposed in this order in Section II.B.2. This deposit is intended to protect Alphabet from future litigious conduct in this matter. The sanctions compensate Nike, Meta Platforms, and Gibson Dunn for the expenses already imposed by Plaintiffs' litigation abuse.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | |

Court shall decline any filings made by those parties in this District if those filings allege certain causes of action (described below), and if they are made against Nike, Meta Platforms, Gibson Dunn, Alphabet, or Google LLC, and each of their respective employees, directors, officers, attorneys, or partners. The restricted claims are any that assert government corruption or conspiracies or any issues raised in previous actions in which Woodhouse or Havensight were declared to be vexatious litigants, including online advertisements, unfair business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering. The Clerk may only accept such filings if they are first presented to a district judge or magistrate judge of the Central District of California, and the judge specifically authorizes the filing in writing.

- Plaintiffs must deposit $5,000 with the Clerk of Court by **June 30, 2022**, to secure the payment of any costs, sanctions, or other amounts that may be awarded against them as pertains to Alphabet.

- Nike, Meta Platforms, Gibson Dunn, Alphabet, and Google LLC need not respond to any further lawsuit or filings by the vexatious litigants until this Court decides whether the lawsuit falls within the scope of this vexatious litigant order and should be permitted to proceed.

- The Court **DISMISSES** all claims against the Governmental and Judicial Defendants, as well as Alphabet. No defendants remain.

- The Court **SANCTIONS** Plaintiffs for their conduct in this litigation pertaining to Nike, Meta Platforms, and Gibson Dunn. Plaintiffs must pay the reasonable attorneys' fees and costs that those parties expended in this action. If they wish to pursue attorneys' fees, Nike, Meta Platforms, and Gibson Dunn must file an application, with documentary support, by **July 15, 2022**. Plaintiffs may file an opposition challenging the amounts requested and must do so within seven days of the filing of the fee application. The Court will take the matter under submission upon receipt of Plaintiffs' opposition brief—no reply brief is permitted. The Court's meet and confer requirements are excused for this application. Failure to file the application by the deadline will be deemed a waiver of rights to obtain attorneys' fees.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | June 10, 2022 |
|---|---|---|---|

| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* |
|---|---|

- The Court directs the Clerk to **REFER** this action to both the State Bar of California and the Central District's Standing Committee on Discipline, so that those bodies may determine whether to initiate proceedings against Woodhouse.

  The Scheduling Conference set for June 13, 2022 is vacated and taken off-calendar.

**IT IS SO ORDERED.**

Initials of Preparer    _____ : _____
                                    jre/a

cc:    Fiscal
       Intake and Pro Se Clerks
       Standing Committee on Discipline
       State Bar of California

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Relief from Vexatious Litigant [DE 41]**

## I.  INTRODUCTION

On January 7, 2022, Benjamin Woodhouse ("Woodhouse") and Havensight Capital, LLC[1] ("Havensight") filed a First Amended Complaint against several judges of the Central District of California[2] (the "Judicial Defendants") and United States Government officials[3] (the "Government Defendants"). (ECF No. 10.) The FAC also names as defendants Gibson Dunn Inc.[4], Meta Platforms Inc., Nike Inc. (the "Protected Defendants") and Alphabet, Inc. (*Id.*) Presently before the Court is the Protected Defendants' Motion for Relief from Vexatious Litigant (ECF No. 41.). Further, for the reasons explained below, the Court Orders Woodhouse to Show Cause in writing as to why the Judicial Defendants and Government Defendants should not be dismissed, and why sanctions should not issue against Woodhouse.

---

[1] Havensight is purportedly represented by Woodhouse. In a nearly-identical prior lawsuit, Judge Stanley Blumenfeld found Havensight to be Woodhouse's alter-ego because Woodhouse treats the company "as indistinguishable from himself," and in filings he "confirm[ed] their unity of interest by asking the Court to reopen 'all cases involving the Plaintiff, its Havensight Capital L.L.C. Firm, and these conflicted Defendants." *See Woodhouse v. U.S. Gov't*, 2021 WL 6333468, at *5 (C.D. Cal. Nov. 24, 2021.) Having examined the dockets in this and related matters, the Court agrees with Judge Blumenfeld's finding.

[2] The defendant judges are: (1) the Hon. Stanley Blumenfeld, Jr.; (2) the Hon. Fernando Olguin; (3) the Hon. Manuel Real; (4) the Hon. Otis Wright; and (5) the Hon. Philip Gutierrez.

[3] The defendant U.S. Government officials are employees of the Department of Justice, including: (1) Daniel Beck; (2) Tracy Wilkison; (3) David Harris; and (4) Joanne Osinoff.

[4] Woodhouse seemingly intended to sue Gibson, Dunn & Crutcher LLP, as that law firm has represented Nike, Inc. and Meta Platforms, Inc. in prior actions.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | |

## II.   VEXATIOUS LITIGANT

Woodhouse is an attorney who is licensed to practice in California. Woodhouse and his alter-ego Havensight have been declared vexatious litigants in three prior Central District of California cases. *See Havensight Cap. LLC v. Nike, Inc.*, 2015 WL 3544111 (C.D. Cal. Apr. 22, 2015); *Havensight Cap. LLC v. Facebook, Inc.*, 2018 WL 6340757 (C.D. Cal. Sep. 24, 2018), *aff'd* 776 F. App'x 420 (9th Cir. 2019); *Woodhouse v. U.S. Gov't*, 2021 WL 6333468 at *5–6. Most recently, Judge Blumenfeld ordered that Woodhouse be precluded:

> "either directly or indirectly through an entity he owns or controls—from filing in the U.S. District Court for the Central District of California (CDCA) any action for claims described below against Nike, Inc., Facebook, Inc., and Gibson Dunn & Crutcher LLP, and each of their respective employees, directors, officers, attorneys, or partners (the Protected Parties), absent strict compliance with the terms set forth in this paragraph. Specifically, Plaintiff shall: (1) obtain written authorization from a CDCA District or Magistrate Judge prior to filing any lawsuit in the CDCA against the Protected Parties for claims asserting government corruption or conspiracies or any issues or allegations raised in previous litigation in which Havensight was declared a vexatious litigant, including online advertisements, unfair business practices, anticompetitive conduct, breach of contract, misappropriation of trade secrets, infringement of intellectual property, fraud, tortious conduct, negligence, or racketeering; and (2) deposit $5,000 with the clerk of the court to secure payment of any costs, sanctions, or other amounts that may be awarded against Plaintiff.

*Woodhouse v. U.S. Gov't*, 2021 WL 6333468 at *8.

Woodhouse's claims against the Protected Defendants fall squarely within the ambit of Judge Blumenfeld's vexatious litigant order. Woodhouse accuses the Protected Defendants of being involved in various conspiracies to commit felonies such as "produc[ing] disseminated discovery in the pre discovery period" and collusion between the U.S. Attorney and the Protected Defendants. (FAC at 1–2, ECF No. 10.) The causes of action he alleges are "obstruction and due process violations," "fraud and collusion," and "intentional interference with prospective business and economic relations." (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|----------|-------------------|------|----------------|
| Title | *Benjamin Woodhouse, et al. v. The United States Government, et al.* | | |

*generally id.*) He requests that the Court "dissolve the [Protected Defendants] and Alphabet Inc. and award U.S. $3 Trillion . . . to Plaintiff." (*Id.* at 30.)[5]

Woodhouse filed this action without written authorization from a Central District of California judge and without posting $5,000 with the clerk of the court, in clear violation of Judge Blumenfeld's order. Therefore, because the Court finds that the claims against Protected Defendants clearly fall within the bounds of the vexatious litigant order, the Court **DISMISSES** the Protected Defendants **with prejudice**. *See Menez-Valenzuela v. Arizona*, 436 Fed. App'x 827, 828 (9th Cir. 2011) ("The district court did not abuse its discretion by dismissing the action because Mendez-Valenzuela failed to comply with the vexatious litigant orders entered against her.")

III.   **ORDER TO SHOW CAUSE RE: JUDICIAL IMMUNITY, QUALIFIED IMMUNITY, AND SANCTIONS**

There are three other issues for the Court to address at this time. First, it appears as if all Judicial Defendants are protected by judicial immunity, as "[j]udges are absolutely immune from suits for money damages for acts performed in their official capacities." *Haywood v. Hawkins*, 2002 WL 35656295, at *2 (C.D. Cal. Feb. 21, 2002). Such immunity applies "however erroneous the act may have been." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The protection is not stripped due to allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Second, the Government Defendants—Beck, Wilkison, Harris, and Osinoff—appear to be protected by qualified immunity, which protects government officials when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Third, the Protected Defendants note that Woodhouse—either as himself or as Havensight— has repeatedly violated vexatious litigant orders since 2015. They request that the Court refer Woodhouse to the State Bar of California and the Standing Committee on Discipline. They also request monetary

---

[5] The Court further notes that Woodhouse filed a complaint nearly identical to the FAC here on January 13, 2022—a mere eight days after he filed the instant action. *See Woodhouse v. U.S. Gov't*, Case No. 2:22-cv-00285-CAS, Dkt. No. 1 ("*Woodhouse II*"). *Woodhouse II* was assigned to Judge Christina Snyder. Judge Snyder referred the *Woodhouse II* complaint to Judge Blumenfeld for a determination as to whether the claims against Protected Defendants fell within his vexatious litigant order. Judge Blumenfeld determined that they did. *See Woodhouse v. U.S. Gov't*, Case No. 2:21-cv-06372-SB, Dtk. No. 81 at 4.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-00079-RGK | Date | April 22, 2022 |
|---|---|---|---|
| Title | ***Benjamin Woodhouse, et al. v. The United States Government, et al.*** | | |

sanctions under 28 U.S.C. § 1927.[6] It appears to the Court, based on its review of the dockets of Woodhouse's numerous lawsuits in this District, that such sanctions are warranted.

In accordance with the above, Woodhouse is **ORDERED TO SHOW CAUSE in writing** by **May 6, 2022** why:

- The Judicial Defendants should not be dismissed due to judicial immunity;

- The Government Defendants should not be dismissed due to qualified immunity; and

- The Court should not refer Woodhouse to the State Bar of California, the Standing Committee on Discipline, and impose monetary sanctions under 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/a |

---

[6] "Any attorney . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.